IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES JEROME MORRISON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CARISSA LYNN-KOPP, SUSAN F. CARROLL, KURT KRUEGER, SAMM COX, CHRISTOPHER E. QUIGLEY, CIANA DALE, KARA RICHARDSON, BRAD NEWMAN, MARK VUCUROVICH, MICHAEL ANDERSON, and WALTER M. HENNESSEY,<br><br>Defendants. | CV 17-35-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

**I.    Introduction**

Plaintiff James Morrison, appearing pro se, commenced this action to present allegations complaining about various events, and Defendants' actions, that occurred during the course of the following two legal proceedings: (1) criminal proceedings prosecuted against Morrison; and (2) hearings conducted by the Montana Department of Family Services relative to his parental rights with respect to his daughter. The substance of Morrison's allegations generally assert that Defendants used false, fabricated, coerced, and erroneous information against him in each of the two referenced proceedings. More specifically, for example, he

1

complains that a psycho-sexual evaluation of him contained false reports and false information which caused the two legal proceedings to become biased and prejudicial. He asserts the inaccurate psycho-sexual report caused him to be sentenced to prison in his criminal matter, and resulted in a decision to remove his daughter from his custody.

The balance of Morrison's specific allegations detail numerous actions taken by each of the individual Defendants. He describes numerous incidents of conduct of each Defendant which he characterizes as threatening, intimidating, harassing, coercive, improper, unconstitutional, malicious, or manipulative. He alleges the conduct was committed by each Defendant for the purpose of securing both a criminal conviction against Defendant and the termination of his parental rights.

Morrison requests compensatory relief in this action. He requests he be awarded $12 million as compensatory damages, $13 million as punitive damages, compensation for future mental health treatment and counseling, and costs and attorneys' fees incurred in prosecuting this action. He also requests that all false information about him and created by Defendants' conduct be purged from all proceedings and investigative files pertaining to him.

Many of the Defendants named in Morrison's pleading are individuals

employed by the State of Montana who committed their alleged conduct while acting under color of state law. Therefore, Morrison's claims are potentially cognizable under 42 U.S.C. § 1983 which invokes the Court's federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. And the Court would possess supplemental jurisdiction over related claims advanced under Montana law against any private Defendants as provided by 28 U.S.C. § 1367(a).

## II. Discussion

The Court previously granted Morrison leave to prosecute this action in forma pauperis as permitted under 28 U.S.C. § 1915(a). Therefore, the Court must screen his allegations in his pleading to determine whether they are subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2).

But because Morrison is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).

### A. <u>Morrison's Criminal Proceedings</u>

The substance of Morrison's allegations implicitly and necessarily challenge the validity of the criminal prosecution against him, and his resulting criminal conviction and sentence. But for the reasons discussed, those challenges are barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck* the United States Supreme Court established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would necessarily imply that his existing criminal conviction or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal conviction or sentence invalid, the plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through state court appellate procedures or a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Therefore, to determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff:

> would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11

(9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful, invalidate the plaintiff's criminal conviction).

Morrison's allegations in this case seek a legal decision establishing that each Defendant's actions and conduct during the course of the criminal prosecution against him were unlawful and unconstitutional and, therefore, caused damages to him due to his criminal conviction and sentence. A ruling in Morrison's favor on his claims would, necessarily, imply that his criminal proceedings, and resulting conviction and sentence are invalid. But his procedural course of action he is attempting to pursue in this case is precisely what *Heck* prohibits a plaintiff from doing in a section 1983 action.

Morrison does not allege that his criminal conviction or sentence have already been reversed through some other legal action or appeal. Thus, *Heck* bars Morrison from challenging the legality of his conviction and sentence in this section 1983 action, and his federal claims in that regard must be dismissed.

### B.      **Morrison's Parental Rights and Custody of his Daughter**

With respect to Morrison's parental rights relative to his daughter, he alleges various Defendants engaged in a course of misconduct to produce false or fabricated evidence against him, and to produce perjured testimony against him to support the legal proceedings which resulted in the termination of his parental

5

rights. Therefore, he alleges Defendants violated his constitutional rights in that regard.

Because Morrison states that his parental rights were terminated, the Court finds that such termination could only have occurred under the Parent-Child Legal Relationship Termination Act of 1981, Mont. Code Ann. § 41-3-601, *et seq*. That termination would have been as the result of a petition filed in district court (Mont. Code Ann. § 41-3-607), and would have occurred only by operation of a court's order. Mont. Code Ann. §§ 41-3-609 & 611. Morrison's allegations refer to a "court hearing to take [his] parental rights" which occurred on March 29, 2017. (Doc. 2-1 at 9 of 20.) Morrison's allegations further state that the presiding judge, Defendant Brad Newman, ruled in favor of the Department of Family Services to terminate his parental rights. (*Id*.) Presumably Judge Newman issued an order to that effect, and Morrison could have appealed that order to the Montana Supreme Court. Mont. Code Ann. § 41-3-612.

The Court finds that Morrison's parental rights case was filed in the Montana Second Judicial District Court, Butte-Silver Bow County, captioned as *In the Matter of M.M.M.*, DN-47-2015-0000071-YC. The public docket of that case reflects that Judge Newman's parental rights termination order was issued on April 24, 2017, and Morrison filed a notice of appeal to the Montana Supreme

Court on May 24, 2017, and the appeal is still pending.[1]

Although Morrison's claims "aris[e] under the Constitution", and the Court has subject matter jurisdiction under 28 U.S.C. § 1331, the nature of his claims are such that the Court must abstain from exercising that jurisdiction because his concurrent parental rights case is still pending with the Montana Supreme Court. There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).[2] *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings. *Gilbertson*, at 381 F.3d at

---

[1]The Court takes judicial notice of the content of the district court's public docket which is not subject to reasonable dispute over its authenticity. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

[2]Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

968.

*Younger* abstention also applies to federal civil actions under § 1983 requesting money damages. *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). Claims for damages which turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings implicate the same grounds for abstention as are implicated by claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

All of the elements of *Younger* abstention are present in this case. Morrison's parental rights case is still ongoing. And the State of Montana has a significant state interest in protecting children from abuse and neglect in the

State.³  This Court should not interfere with those interests when the state proceedings are ongoing.  And Morrison will have an opportunity to raise all of the constitutional issues asserted in this case during the course of his appeal with the Montana Supreme Court.

Finally, proceedings and rulings in this case could adversely and inappropriately impact proceedings in Morrison's parental rights case.  The Montana Supreme Court could potentially remand the matter to the district court and proceedings or rulings in this case could unduly influence or impact Defendants' further conduct during the course of the remanded state court case.  In that regard, this case would interfere with the state court proceeding in a way that *Younger* disapproves.

Where applicable, *Younger* abstention is mandatory.  Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case.  *City of San Jose*, 546 F.3d at 1092 (citation omitted).  The recognized exceptional circumstances are

---

³The Court notes that in the context of civil actions commenced in federal court under the court's diversity of citizenship jurisdiction granted in 28 U.S.C. § 1332(a), if the case involves the status of parent and child then the domestic relations exception to the statutory grant of jurisdiction is applicable and the federal court must decline jurisdiction.  *McIntyre v. McIntyre*, 771 F.2d 1316, 1317 (9ᵗʰ Cir. 1985).  This is so because such domestic relations cases are "peculiarly within the province of the state courts." *Id*. at 1318.

limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). The Court finds no circumstances exist in this case which would warrant application of the referenced exception to abstention.

But even when applicable, *Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought a dismissal of those claims is appropriate. *Gilbertson*, 381 F.3d at 981. But where monetary damages are sought the federal court should stay its hand under *Younger*, rather than dismiss those claims, until after the state court proceedings are no longer pending. *Id*. 381 F.3d at 981-982. *See also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012).

The abstention doctrine under *Younger* applies equally to a Morrison's federal claims over which the court has subject matter jurisdiction under 28 U.S.C. § 1331, and to his state law claims under the court's supplemental jurisdiction at

28 U.S.C. § 1367. *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1195-97 (9th Cir. 2008); *Bridge Aina Le'a, LLC v. Hawaii Land Use Commission*, 2012 WL 1109046, *8-9 (D. Hawaii 2012); *Quesada v. City of Antioch*, 2008 WL 4104339, *1, *4 (N.D. Cal. 2008) (staying state law claims under *Younger* pending disposition of ongoing criminal proceedings in state court).

## III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Morrison's allegations and claims which, in substance, challenge the validity of his criminal conviction or sentence are barred by *Heck* and should be DISMISSED.

IT IS FURTHER RECOMMENDED that with respect to Morrison's allegations and claims challenging Defendants' actions in the course of his state court parental rights proceedings, the claims should be DISMISSED to the extent Morrison seeks injunctive relief, i.e. requesting that all false information about him created by Defendants' conduct be purged from all proceedings and investigative files pertaining to him.  But to the extent Morrison's claims seek monetary damages, the claims should be STAYED until the state court proceedings are completed and final.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Morrison may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

At all times during the pendency of this action, Morrison shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Morrison is also advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may

---

[4]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Morrison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 16th day of November, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge