# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| JAMES JEROME MORRISON, JR., | CV-17-35-BU-BMM-JCL |
| Plaintiff, | |
| vs. | |
| CARISSA LYNN-KOPP, SUSAN F. CARROLL, KURT KRUEGER, SAMM COX, CHRISTOPHER E. QUIGLEY, CIANA DALE, KARA RICHARDSON, BRAD NEWMAN, MARK VUCUROVICH, MICHAEL ANDERSON, and WALTER M. HENNESSEY, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| Defendants. | |

Plaintiff James Jerome Morrison, Jr. filed a Complaint presenting allegations regarding Defendants' actions that occurred during: (1) criminal proceedings against Morrison; and (2) hearings conducted by the Montana Department of Family Services relative to his parental rights of his daughter. (Doc. 2 at 8.) Morrison alleges that Defendants used false, fabricated, coerced, and erroneous information against him in each referenced proceeding. *Id.*

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on November 16, 2017. (Doc. 7.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I.    Criminal Proceedings

Judge Lynch concluded that Morrison's allegations challenge the validity of the criminal prosecution against him, and his resulting criminal conviction and sentence. (Doc. 7 at 4.) Judge Lynch determined that Morrison's allegations are barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action before a plaintiff can pursue a 42 U.S.C. § 1983 claim that would render a criminal conviction or sentence invalid. *Id.* at 486-87.

Judge Lynch determined that Morrison's allegations seek a legal decision that Defendants' actions and conduct during the course of the criminal proceedings were unlawful and unconstitutional. (Doc. 7 at 5.) A ruling in Morrison's favor would imply that the criminal proceedings, and the resulting conviction were unlawful. *Id.* Judge Lynch determined that Morrison does not allege that his

criminal conviction or sentence have been reversed through other appropriate legal action. *Id. Heck* bars Morrison's claim.

## II.  **Parental Rights**

Judge Lynch determined that Morrison alleges that various Defendants engaged in a course of misconduct to produce false or fabricated evidence against him. Morrison alleged that this course of misconduct resulted in the termination of his parental rights. (Doc. 7 at 6.) Judge Lynch determined that Morrison currently has a parental rights case on appeal to the Montana Supreme Court from Montana Second Judicial District Court. *Id.*

A strong policy exists against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 43-45 (1971). The Ninth Circuit has determined that federal courts must abstain under *Younger* if the following requirements are met: (1) there exists an ongoing proceeding initiated by the state; (2) the proceeding implicates important state interests; (3) the federal plaintiff has the opportunity to litigate federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).

Judge Lynch concluded that Morrison's claims satisfy the *Younger* abstention requirements. Judge Lynch further determined that *Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. (Doc. 7 at 10.) Claims for injunctive and declaratory relief should be dismissed without prejudice while claims for monetary relief should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460 at *4 (C.D. Cal. 2012).

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 7), are **ADOPTED IN FULL**.

**IT IS ORDERED** that Morrison's allegations and claims which, in substance, challenge the validity of his criminal conviction or sentence are barred by *Heck* and should be **DISMISSED**.

**IT IS ORDERED** that Morrison's allegations and claims challenging Defendants' actions in the course of his state court parental rights proceedings are **DISMISSED** to the extent that Morrison seeks injunctive relief, i.e. requesting that all false information about him created by Defendants' conduct be purged from all proceedings and investigative files.

**IT IS FURTHER ORDERED** that to the extent Morrison's allegations and claims seek monetary damages, the claims are **STAYED** until the state court proceedings are completed and final.

DATED this 7th day of December, 2017.

Brian Morris
United States District Court Judge