IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES MORRISON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CARISSA LYNN-KOPP, et al.,<br><br>Defendants. | CV 17-00035-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff James Morrison, a prisoner proceeding without counsel, filed a Complaint alleging the Defendants' actions violated his civil rights during the course of the following two legal proceedings: (1) criminal proceedings prosecuted against Morrison; and (2) hearings conducted by the Montana Department of Family Services relative to his parental rights with respect to his daughter.

The substance of Morrison's allegations generally assert that Defendants used false, fabricated, coerced, and erroneous information against him in each of

1

the two referenced proceedings. More specifically, for example, he complains that a psycho-sexual evaluation of him contained false reports and false information which caused the two legal proceedings to become biased and prejudicial. He asserts the inaccurate psycho-sexual evaluation caused him to be sentenced to prison in his criminal matter, and resulted in a decision to remove his daughter from his custody. (Complaint, Doc. 2.)

On December 7, 2017, presiding District Judge Brian Morris ordered that Morrison's allegations and claims which, in substance, challenge the validity of his criminal conviction or sentence were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and his allegations and claims challenging Defendants' actions in the course of his state court parental rights proceedings, to the extent he sought injunctive relief were dismissed. Judge Morris stayed Morrison's allegations and
claims regarding his parental rights proceedings which sought monetary damages, until the state court proceedings were completed. (Doc. 11 at 4-5.)

On March 5, 2018, Morrison filed a Notice regarding completion of his state court proceedings. Morrison indicated therein that his appeal to his parental rights and custody of his daughter was dismissed on December 28, 2017 and the dismissal of his appeal regarding his criminal proceedings was dismissed on

2

February 14, 2018.  (Doc. 13.)

As set forth in Judge Morris's December 7, 2017 Order, Morrison's claims regarding his criminal conviction are barred by *Heck*.  As his state court proceedings regarding the termination of his parental rights are now complete, any claims regarding those proceedings are barred by res judicata and should be dismissed.  "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted).  Although this doctrine is normally raised as an affirmative defense, where its application is plain from the face of the complaint, the court may raise it sua sponte:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("[a]s a general matter, a court may, sua sponte, dismiss a case on preclusion

grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed").

Res judicata applies when the following elements are satisfied:

(1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 501 (Mont. 2012).[1]

All five elements of res judicata are satisfied here. Morrison attempts to re-litigate claims here that he asserted or could have asserted in his state court parental rights case. This case and Morrison's parental rights case share the same subject matter. The issues presented in this case were raised or could have been raised in the Montana courts and the capacities of the parties are the same in both cases. A final judgment on the merits was entered in *In the Matter of M.M.*, Montana Supreme Court DA 17-0305 (December 28, 2017).

Morrison's claims regarding his parental rights are barred by res judicata and this matter should therefore be dismissed.

---

[1] Federal courts apply state law regarding the res judicata effect of state court judgments. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Morrison may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Morrison is being served by mail, he is entitled an additional three days after the period would otherwise expire.

5

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of March, 2018.

                                        */s/ Jeremiah C. Lynch*
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge